IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

THOMAS A OFFICER
TIFFANI D OFFICER

Debtor.

Case No. 11-41306
Chapter 13

## QUEST CREDIT UNION OBJECTION TO AMENDED CHAPTER 13 PLAN CONFIRMATION

COMES NOW QUEST CREDIT UNION, the Creditor, by and through its counsel, Thomas A. Valentine, and objects to confirmation.

Counsel for the Creditor shows to the Court as follows:

1. That the Creditor has filed a secured proof of claim herein in the amount of $12,049.72.

2. That the Creditor has a perfected security interest in and to the Debtor's 2001 Chevrolet Tahoe LT valued at $10,675.00. This is a 910 car which is required to be paid in full. Contract date June 4, 2009.

3. That the Creditor is entitled to retain its lien/s.

United States Bankruptcy Court
In Re: Tiffani D & Thomas A Officer
Case No.: 11-41306
Chapter 13
Quest Credit Union Objection to Amended Chapter 13 Plan of Confirmation
October 4, 2011
Page 2

4. That the Creditor is entitled to a discount factor (4.75% APR), see Till vs SCS Credit Corp 124 Supreme Court 1951 (2004). In re: Heather Rae Lowder, Case No. 05-44802-13.

5. That the Creditor is entitled to adequate protection payments until this plan is confirmed, for depreciation of the security and including, but not limited to, full insurance on the vehicle with not more than $250.00 deductible and to be paid in the event of dismissal.

6. That the Creditor is entitled to adequate protection if the plan is not confirmed, the Creditor is entitled to be paid all the payments paid into the plan minus administrative expense.

7. The Creditor is entitled to adequate protection payments on a monthly basis if the plan is not confirmed on the regularly scheduled confirmation date. The Creditor is to receive payments in the amount of the contractual monthly payments due to the Creditor until the plan is confirmed.

8. The Debtor's counsel attorneys fees should be spread over 24 months.

9. That the Debtors did not make their first payment as required, thus depriving the credit union of adequate protection and the trustee has filed a motion to dismiss.

10. That this plan is not feasible.

11. That neither counsel nor the debtors attended the first meeting of creditors.

12. That the credit union has filed a motion to lift stay.

WHEREFORE, the Creditor prays for the above-requested relief and such other and further relief as the Court deems just and equitable in the premises.

United States Bankruptcy Court
In Re: Tiffani D & Thomas A Officer
Case No.: 11-41306
Chapter 13
Quest Credit Union Objection to Amended Chapter 13 Plan of Confirmation
October 4, 2011
Page 3

VALENTINE, ZIMMERMAN & ZIMMERMAN, P.A.
112 West 7th, Ste. 200
Topeka, Kansas 66603

By: _____
Thomas A. Valentine, #6987
Attorney for Creditor

United States Bankruptcy Court
In Re: Tiffani D Officer
Case No.: 11-41306
Chapter 13
Quest Credit Union Objection to Confirmation
October 4, 2011
Page 3

## CERTIFICATE OF ELECTRONIC MAILING

I hereby certify that a copy of the above and foregoing **Objection to Confirmation** was delivered by electronic mail, addressed to:

Adam Mack

Jan Hamilton

on this __6__ day of __Oct__, 2011.

_____
Thomas A. Valentine, #6987